UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GLORIA D. TERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:15-CV-129-TLS-JEM |
| | ) | |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative

Defenses Nos. 1-6, 8-34 [DE 27], filed by Plaintiff on August 28, 2015. Defendant filed a response

on September 11, 2015, and on September 18, 2015, Plaintiff filed a reply.

**I.      Background**

This case stems from Plaintiff's allegation that Defendant violated her rights in terminating

her employment under Title VII of the Civil Rights Act, the Equal Pay Act of 1963, and the

Fourteenth Amendment. In the instant Motion, Plaintiff requests that the Court strike thirty-three

of Defendant's thirty-six affirmative defenses. Plaintiff argues that the disputed affirmative defenses

fail to meet pleading standards or fail to state an actual  affirmative defense. Defendant counters that

the disputed affirmative defenses comply with the requirements of Federal Rules of Civil Procedure

8 and 9, and provide sufficient notice of the affirmative defenses that it intends to offer at trial.

**II.      Analysis**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f).  Motions to strike are generally disfavored because they tend to delay judicial proceedings.

*See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However,

when a motion to strike seeks to remove clutter and serves to expedite proceedings, it may be granted. *Id*.

Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). In other words, a motion to strike an affirmative defense will not be granted "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings." *416.81 Acres of Land*, 514 F.2d 627 at 631.

Additionally, because affirmative defenses are pleadings, they must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" do not meet this standard and may be stricken. *Id.* at 1295. Whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

A.    Failure to State a Claim for Relief

Plaintiff argues that Defendant's second, fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, and thirtieth affirmative defenses fail to state a claim upon which relief can be granted and should be dismissed under Federal Rule Civil Procedure 12(b)(6). Defendant

counters that these affirmative defenses are sufficiently plead under Federal Rule of Civil Procedure 8(a).

### 1. Second Affirmative Defense

Defendant asserts as its second affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff has failed to state a claim upon which relief can be granted." Plaintiff argues that the mere recitation of the standard for a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) is insufficiently plead and fails to put her on notice of the affirmative defense.[1] Federal Rule of Civil Procedure 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 30 provides for an affirmative defense of: "[t]he complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. App'x of Forms, Form 30. Accordingly, this affirmative defense is sufficient and will not be stricken. *See Leon v. Jacobson Transp. Co.,* No. 10 C 4939, 2010 WL 4810600, at * 2 (N.D. Ill. Nov. 19, 2010) ("[T]his language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms 'suffice' under the rules.").[2]

### 2. Doctrinal Defenses

Defendant asserts various doctrinal defenses for its fifth, ninth, tenth, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, nineteenth, twentieth, twenty-second, twenty-third, twenty-fifth, and thirtieth affirmative defenses. Plaintiff argues that these affirmative defenses are unsupported

---

[1] The Seventh Circuit Court of Appeals has yet to rule on whether affirmative defenses must meet the plausibility standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and district courts within this Circuit are split on the question. *See, e.g., Ford v. Psychopathic Records, Inc.*, No. 12-CV-0603-MJR-DGW, 2013 WL 3353923 (S.D. Ill. July 3, 2013) (summarizing cases on either side of the split).

[2] Federal Rule of Civil Procedure 84 was abrogated effective December 1, 2015, but was in effect at the time Plaintiff filed the instant Motion.

factually, improperly pled, and constitute bare bone allegations.

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet *all* pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)) (emphasis added). The challenged defenses lack factual support and do not include the necessary elements to support the allegations. For example, Defendant's assertion that Plaintiff's claims are barred by the doctrine of *res judicata* lacks any factual content identifying a previous court proceeding or judgement and fails to provide an even cursory explanation as to why a previous proceeding or judgment precludes litigation of Plaintiff's claims before the Court. Similarly, Defendant's laches defense is insufficient because it neither offers any factual basis for the defense nor summarizes the necessary elements. Laches is an equitable defense that must be pled "with particularity." *Microthin.com, Inc., v. Siliconezone USA, LLC*, No. 06 C 1552, 2006 WL 3302825, at *10 (N.D. Ill. Nov.14, 2006). In addition, the laches defense requires that Defendant allege a detrimental change making it inequitable to grant relief. *Id.* In this case, the affirmative defense as raised merely provides a conclusory statement that Plaintiff's claims are barred by the doctrine of laches. Defendant cannot properly raise an affirmative defense by simply asserting that it exists bereft of factual content in support or identifying the elements of the defense. *Id.* Accordingly, these affirmative defenses are stricken.

### 3. Sixth and Twenty-Eighth Affirmative Defenses

Defendant asserts as its sixth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that the

same are barred by the statute of limitations." Plaintiff argues that this affirmative defense "fails to cite the specific applicable statute of limitation, the statute's time limits, or manner in which the statute bars Plaintiff's case." Federal Rule of Civil Procedure 84, Form 30, provides for an affirmative defense of: "[t]he plaintiff's claim is barred by the statute of limitations because it arose more than _____ years before this action was commenced." Fed. R. Civ. P. App'x of Forms, Form 30. However, From 30 specifically requires that the pleader identify the number of years preluding litigation of a claim. Defendant's sixth affirmative simply states that Plaintiff's Complaint is time barred, but fails to mention any length of time. Without identifying the temporal filing requirement that defeats Plaintiff's claims, this affirmative defense is nothing more than an unsupported, bare bones allegation. *See Puryear v. Ind. Pallet Co.*, No. 2:11-CV-12-PRC, 2011 WL 5553697, at *2 (N.D. Ind. Nov. 5, 2011); *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at *7 (N.D. Ill. Feb. 23, 2009). Accordingly this affirmative defense is stricken.

Similarly, Defendant asserts as its twenty-eighth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason Plaintiff failed to properly file its actions regarding the Indiana Open Door Law within the proper time frame." However, without identifying the applicable filing requirements under the Indiana Open Door Law, Defendant has failed "to cite the time limits in the statute, or the manner in which the statute bars Plaintiff's case." *Puryear,* 2011 WL 5553697 at *2. Accordingly, this affirmative defense is stricken.

### 4.    *Eleventh Affirmative Defense*

Defendant asserts as its eleventh affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that the same are barred by the doctrine of fraud or mistake." Plaintiff argues that this affirmative defense

is inadequately pled under Federal Rule of Civil Procedure 9(b). Federal Rule of Civil Procedure 9(b) requires that the party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This defense does not provide particularized information regarding the circumstances constituting Plaintiff's fraud or mistake. Morever, Defendant does not allege that Plaintiff's state of mind constitutes the fraudulent act. Simply stating that Plaintiff's claim is barred by fraud or mistake is insufficient under Rule 9(b). This defense fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so this affirmative defense is stricken.

### 5. *Sixteenth Affirmative Defense*

Defendant asserts as its sixteenth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that the same are barred because this Court does not have jurisdiction over the subject matter." Plaintiff argues that merely stating that the court lacks subject matter jurisdiction is insufficient under the applicable pleading requirements. Without including the facts or grounds demonstrating why this Court lacks subject matter jurisdiction over Plaintiff's claims, this affirmative defense fails to show how Defendant, as the pleader, is entitled to relief. Accordingly, this affirmative defense is stricken.

### 6. *Seventeenth, Twenty-Sixth, and Twenty-Seventh Affirmative Defense*s

Defendant asserts as its seventeenth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that the same are barred for failure to specifically plead special damage." An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims. *See E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 184 (7th Cir. 2013) ("The

essence of an affirmative defense is that it assumes the plaintiff can prove its factual allegations[, but it] . . . raises additional facts or legal arguments that defeat liability nonetheless."). Defendant's seventeenth affirmative defense as stated fails to provide additional facts showing how Plaintiff failed to plead special damages or to provide a "short and plaint statement" showing how it is entitled to relief. Fed. R. Civ. P. 8(a). This affirmative defense is not actually an affirmative defense, but rather is an unsupported statement that Plaintiff has not satisfied her pleading burden. Accordingly, this affirmative defense is stricken.

Defendant asserts as its twenty-sixth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason Defendant did not act actual malice [sic], if any" and asserts as its twenty-seventh affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff sustained no special or pecuniary damages." These affirmative defenses are not actual a affirmative defenses, but "essentially a denial of liability or causation." *See E.E.O.C. v. SVT, LLC*, No. 2:13-CV-245-PRC, 2013 WL 6045972, at * 2 (N.D. Ind. Nov. 14, 2013). Accordingly, these affirmative defense is stricken.

### 7. *Twenty-First and Twenty-Fourth Affirmative Defenses*

Defendant asserts as its twenty-first and twenty-fourth affirmative defenses that Plaintiff lacks standing to pursue her claims because she retired from the Gary Community School Corporation. However, Defendant fails to provide factual content in support of these affirmative defenses and fails to allege the elements of standing. *See Heller*, 883 F.2d at 1295. Accordingly, these affirmative defenses are stricken.

### 8. *Twenty-Ninth Affirmative Defense*

Defendant asserts as its twenty-ninth affirmative defenses that "the allegations and

contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that the same are barred on public policy grounds." This affirmative defense does not provide any factual support illustrating how public policy bars litigation of Plaintiff's Claims or identify the actual policy that serves as a barrier to Plaintiff's claims. In essence, this affirmative defense serves no legal purpose. To remove clutter and expedite proceedings, this affirmative defense is stricken. *Id.* at 1294.

B.      Failure to Provide an Actual Affirmative Defense

Plaintiff argues that Defendant's first, third, and fourth affirmative defenses are not actual affirmative defenses and are redundant because Defendant addressed the matters in its Answer. Defendant counters that these affirmative defenses satisfy federal pleading requirements and it risks waving these defenses if it fails to raise them now.

1.      *First and Fourth Affirmative Defenses*

Defendant asserts as its first affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that, as to any allegations contained in Plaintiff's Complaint not herein above specifically admitted, denied or controverted, the same is now specifically denied." Similarly, Defendant asserts as its fourth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that . . . Defendant reserves the right to assert additional affirmative defenses in this Answer to allegations contained in Plaintiff's Complaint as such Affirmative Defenses become apparent and/or available during the course of discovery." The assertion of the right to put forward additional defenses at a later time is not recognized under the Federal Rules of Civil Procedure. *See FDIC v. Mahajan*, 923 F.Supp.2d 1133, 1141 (N.D. Ill. 2013) (reasoning that the time to plead affirmative defenses under Federal Rule of Civil Procedure 8 is at

the time of answer); *Castro v. Chi. Housing Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) ( "[I]f Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke [affirmative] defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff."). Moreover, these affirmative defenses are redundant merely restating what Defendant has already admitted or denied in its Answer. *See* Fed. R. Civ. P. 12(f). Should Defendant later discover that an affirmative defense is available it may move for leave to raise it, but future or prospective affirmative defenses that do not respond directly to Plaintiff's Complaint unnecessarily clutter the docket. *Heller*, 883 F.2d at 1294. Accordingly, these affirmative defenses are stricken.

### 2. *Third Affirmative Defense*

Defendant asserts as its third affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff failed to join a party under F.R.C.P. Rule 19." Plaintiff argues that failure to join a party is not an actual affirmative defense, but instead is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7). Federal Rule of Civil Procedure 19 governs the joinder of parties. It requires joinder "when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests." Fed. R. Civ. P. 19(a). Rule 19 also provides that "joinder is required if persons already parties to the action will, in the absence of the person claiming an interest, be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id.* Defendant asserts that Plaintiff's claim is barred under Rule 19, but has failed to identify who the indispensable party is or provide facts representing how that person may be subject to a substantial risk of incurring multiple or inconsistent obligations absent joinder. In its response to the instant Motion, Defendant argues that "if Plaintiff is alleging that [Plaintiff] met her employer's expectation, there may be a need to review

the evaluation of a non-party which classified Plaintiff's school as a F." Without a showing as to who the non-party is and facts indicating how Plaintiff's failure to join him or her defeats Plaintiff's claim, this speculative affirmative defense only serves to clutter the docket. *Heller*, 883 F.2d at 1294. Accordingly, this affirmative defense is stricken.

  C.  <u>Denial of Liability</u>

Plaintiff argues that Defendant's thirty-second, thirty-third, and thirty-fourth affirmative defenses should be stricken because they are denials of liability and causation. Defendant counters that these affirmative defenses satisfy federal pleading requirements.

Defendant asserts as its thirty-second affirmative defense that Plaintiff's Complaint is "not entitled to judicial enforcement for the reason that the modifications of Plaintiff's employment terms and conditions, if any, were based solely on legal and valid employment related reasons and Defendant was entitled to do a reduction in force based on the closing of schools." Plaintiff responds that this affirmative defense is not an affirmative defense, but a denial of liability. An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims. *See Mach Mining, LLC*, 738 F.3d. at 184. This affirmative defense does not raise additional facts or arguments, but is a denial of liability. Accordingly, this affirmative defense is stricken.

Defendant asserts as its thirty-third affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that there existed a legitimate and lawful ground for alleged conduct, if any, of answering Defendant." Again, this affirmative defense does not raise additional facts or legal arguments, but is a denial of liability. *Id.* Accordingly, this affirmative defense is stricken.

Defendant asserts as its thirty-fourth affirmative defense that "the allegations and contentions

contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff was not deprived of any rights, privileges or immunities conferred by the U.S. Constitution or federal laws." Plaintiff argues that this affirmative defense does not assert additional facts that partially or wholly excuse Defendant from liability. This affirmative defense functions as a denial of liability based on the facts as is, rather than a denial of liability based on additional facts Defendant proffered through pleading. *Id.* Accordingly, this affirmative defense is stricken.

D.       Failure to Exhaust State Claims

Defendant asserts for its eighth affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff has failed to exhaust her State judicial remedies, which deprives the court of jurisdiction over the parties or subject matter." Plaintiff argues that three of her four claims arise directly under federal law and that the court can properly exercise supplemental jurisdiction over her single state law claim. This affirmative defense offers no factual support or legal context as to why Plaintiff must exhaust state remedies on her single state law claim before her claims can be properly litigated in this forum. Accordingly, this affirmative defense is stricken.

E.       Standing

Defendant asserts for its thirty-first affirmative defense that "the allegations and contentions contained in Plaintiff's Complaint are not entitled to judicial enforcement for the reason that Plaintiff seeks an order forcing the District to re-hire six administrators when Plaintiff does not have standing or authority to represent any other administrator." Although Plaintiff's Complaint does include a requests for a court order voiding her termination and the termination of five other administrators formerly employed by Defendant, the Complaint does not request that Defendant *re-hire* her or the other terminated administrators. Because this affirmative defense does not directly respond to the

11

allegations in Plaintiff's Complaint, it is stricken to remove unneeded clutter. *See Heller*, 883 F.2d at 1294.

## III.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion to Strike Defendant's Affirmative Defenses Nos. 1-6, 8-34 [DE 27] and **STRIKES** Defendant Gary Community School Corporation's first, third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, and thirty-fourth affirmative defenses.

SO ORDERED this 29th day of February, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record