# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GLORIA D. TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-129-TLS |
| ) | |
| GARY COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Plaintiff, Gloria D. Terry, has filed a Second Amended Complaint [ECF No. 23] against the Defendant, Gary Community School Corporation, alleging violations under Title VII of the Civil Rights Act of 1964 (Counts I and IV), the Equal Pay Act of 1963 (Counts II and IV), the Fourteenth Amendment (Count III), and Indiana's Open Door Law (Count V). This matter is now before the Court on the Plaintiff's Motion for Partial Summary Judgment [ECF No. 31] as to Count V. For the reasons stated in this Opinion and Order, the Court finds that the Plaintiff is entitled to judgment as a matter of law.

## BACKGROUND

The following facts are undisputed. On February 19, 2015, and February 24, 2015, the Defendant's Board of Trustees (the "Board") held executive sessions. At each session, the Board discussed, among other things, "[an] individual's status as an employee" prior to termination, as indicated in a two public notices, both dated February 24, 2015. (Public Notices, ECF Nos. 32-1 –32-2.) On February 24, 2015, the Board held a regular meeting (Agenda, ECF No. 32-3), at which it voted unanimously to accept a "consent agenda." (Minutes, ECF No. 32-4.) The consent

agenda included the termination of six administrators, one of whom was the Plaintiff.[1] In a letter dated February 25, 2015, the Defendant's Superintendent notified the Plaintiff that the Board voted at its regular meeting on February 24, 2015, to not renew her contract as an administrator for the 2015–16 school year. (Letter, ECF No. 68-6.)

On April 23, 2015, the Plaintiff filed a Formal Complaint with the Public Access Counselor (the "PAC"), alleging that the Defendant violated Indiana's Open Door Law by failing to properly certify that no subject matter was discussed in the executive sessions other than the subject matter specified in the public notices. On May 6, 2015, the PAC opined that the Defendant did, in fact, violate the Open Door Law. (Advisory Op., ECF No. 23-2.)

On September 2, 2015, the Plaintiff filed a Motion for Partial Summary Judgment [ECF No. 31] as to the Plaintiff's Open Door Law claim (Count V), along with a Brief in Support [ECF No. 32] and several exhibits [ECF Nos. 32-1–32-5]. The Plaintiff then filed a Notice of Supplemental Authority [ECF No. 59] on December 30, 2015. The Defendant filed a Response [ECF No. 68] on March 1, 2016, along with several exhibits [ECF Nos. 68-1–68-7]; and the Plaintiff filed a Reply on March 2, 2016. The Motion is now fully briefed and ripe for ruling.[2]

---

[1] Because the Board did not initially disclose the names of the six administrators following its regular meeting on February 24, 2015, a newspaper reporter filed a Formal Complaint with the Public Access Counselor (the "PAC"). The Defendant eventually released the names of the six administrators prior to the issuance of the PAC's advisory opinion.

[2] Also before the Court is a Motion to Strike Plaintiff's Exhibit 1 and Exhibit 2 [ECF No. 46], filed by the Defendant on November 16, 2015. The Defendant argues that the referenced exhibits—which were attached to the Plaintiff's Response [ECF No. 45] to the Defendant's Amended Motion for Extension of Time to File an Answer to Plaintiff's Motion for Partial Summary Judgment [ECF No. 43]—were improperly designated as evidence in support of the underlying Motion for Partial Summary Judgment [ECF No. 31]. But as indicated in the Plaintiff's Response [ECF No. 49], the referenced exhibits were submitted in relation to the Amended Motion for Extension of Time [ECF No. 43], which has already been ruled upon. The Motion to Strike [ECF No. 46] is denied.

## STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010), (then citing *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

**DISCUSSION**

**A.      Indiana Open Door Law**

The purpose of the Open Door Law is for "official action of public agencies [to] be conducted and taken openly unless otherwise expressly provided by statute, in order that the people may be fully informed." Ind. Code § 5-14-1.5-1. The law requires the governing body of a public agency to give "[p]ublic notice of the date, time, and place of any meetings, executive sessions, or of any rescheduled or reconvened meeting." § 5-14-1.5-5(a).[3] A public agency is permitted to conduct an "executive session"—defined as "a meeting from which the public is excluded," § 5-14-1.5-2(f)—under certain circumstances. § 5-14-1.5-6.1(b). Of relevance here, the "[p]ublic notice of executive sessions must state the subject matter by specific reference to the enumerated instance or instances for which executive sessions may be held." § 5-14-1.5-6.1(d). Moreover, the Open Door Law requires that "[t]he governing body shall certify by a statement in the *memoranda and minutes* of the governing body that no subject matter was discussed in the executive session other than the subject matter specified in the public notice." *Id.* (emphasis added).

The Plaintiff contends that, although the Defendant properly certified in their memoranda that no subject matter was discussed in the executive sessions other than the subject matter discussed in the public notices, it failed to make the same certification in their minutes from the Board's regular meeting held on February 24, 2015. For support, the Plaintiff submitted a copy of the minutes [ECF No. 32-4], which is signed and dated April 14, 2015. A review of the

---

[3]Neither party disputes that the Defendant is a "public agency," which is defined, in relevant part, as "[a]ny . . . school corporation . . . or other entity, by whatever name designated, exercising in a limited geographical area the executive, administrative, or legislative power of the state or a delegated local governmental power." Ind. Code § 5-14-1.5-2(a)(2).

4

minutes, as presented by the Plaintiff, shows that the Defendant failed to include a certification as prescribed by § 5-14-1.5-6.1(d).

The Defendant, without submitting any evidence to the contrary, argues that it complied with the Open Door Law, while also arguing—rather inexplicably—that summary judgment is inappropriate because the PAC was sent unsigned copies of the minutes and records at issue. As noted above, summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman*, 621 F.3d at 654. Absent the presentation of evidence creating a genuine issue of material fact as to whether the minutes lacked a proper certification, *see Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 892–93 (7th Cir. 2003) ("Conclusory allegations alone cannot defeat a motion for summary judgment.") (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990)), the Plaintiff is entitled to judgment on Count V.

As part of the analysis, the Court has the discretion to declare void any policy, decision, or final action[4] taken by a public agency in violation of the Open Door Law. *Town of Merrillville v. Blanco*, 687 N.E.2d 191, 199 (Ind. Ct. App. 1997).

> Among the factors the trial court considers in reaching this determination are: (1) the extent to which the violation affected the substance of the action, denied or impaired access to any meetings that the public had a right to observe, and prevented or impaired public knowledge or understanding; (2) whether voiding of the action is a necessary prerequisite to a substantial reconsideration of the subject matter; and (3) the balancing of the remedial benefits gained by effectuating the public policy of the state declared in the "Purpose" section of the Open Door Law against the prejudice likely to accrue to the public if the action is voided (including the extent to which persons have relied upon the validity of the challenged action)."

---

[4] A "final action" refers to "a vote by the governing body on any motion, proposal, resolution, rule, regulation, ordinance, or order." Ind. Code § 5-14-1.5-2(g). Neither party disputes that the Board's vote to terminate the Plaintiff constitutes a "final action."

*Id.* at 199 (citing § 5-14-1.5-7(d)(1)-(3)). Although the Open Door Law is to be construed broadly, Indiana courts have held "that substantial compliance with the [Open Door Law] is sufficient, and not every technical violation of the [Open Door Law] will require a voiding of governmental action." *Hinojosa v. Bd. of Pub. Works & Safety*, 789 N.E.2d 533, 543 (Ind. Ct. App. 2003) (citing *Riggin v. Bd. of Trs.*, 489 N.E.2d 616 (Ind. Ct. App. 1986).

The Plaintiff contends that, in light of the above factors, the Defendant's final action to terminate the Plaintiff should be declared void. For support, she relies on *Warren v. Board of School Trustees*, 49 N.E.3d 559 (Ind. Ct. App. 2015), where the court voided a school board's final action to terminate a plaintiff teacher due to an Open Door Law violation. In *Warren*, prior to its termination of the plaintiff, the board issued a public notice stating that an executive session would begin at 5:00 P.M. on December 20, 2012, and the "regular session" would begin at 7:00 P.M., "or immediately following the [e]xecutive [s]ession, whichever comes later." *Id.* at 567 (internal quotation marks and citation omitted). But in actuality, the public meeting began at approximately 2:30 A.M. the following day. *Id.* The court found that the board convened the regular session "at a time unreasonably departing from the time stated in the notice." *Id.*; Ind. Code § 5-14-1.5-5(h) ("Notice has not been given in accordance with this section if a governing body of a public agency convenes a meeting at a time so unreasonably departing from the time stated in its public notice that the public is misled or substantially deprived of the opportunity to attend, observe, and record the meeting.").

Applying the three-factor test, the court of appeals concluded that the board's failure to

6

satisfy the Open Door Law's public notice requirement amounted to more than "a mere technical violation." *Warren*, 49 N.E.3d at 568.

> [T]he [Open Door Law] violation both impaired public access to the meeting and affected the substance of the final action taken at the meeting. The School Board voted to cancel Warren's contract by a 4–0–3 vote, with three members abstaining. Had the meeting been timely held with proper notice, the designated evidence shows Warren would have attended and objected to two of the board members voting, both of whom voted in favor of her termination.
>
> We also conclude the public interest would be served by voiding the final action taken at the meeting. As stated above, holding a public meeting at 2:30 A.M. is plainly contrary to the purpose of the Open Door Law. Moreover, despite the fact that board members claim they did not know where Warren was or assumed Warren did not want to attend the public meeting, the School Board's ongoing negotiations with Warren show the School Board knew Warren was in the building and wanted to be present for the meeting. Their failure to notify Warren that the executive session had concluded indicates they did not want Warren to attend to the public meeting. Whether deliberate or indifferent, the School Board's conduct was unreasonable and antithetical to legislature's intention that state business be conducted openly.

*Id.* (citation omitted).

In the Court's view, this case is a far cry from *Warren*. While the Court certainly agrees with the PAC that the executive session "los[t] a bit of legitimacy" (Advisory Op. at 2, ECF No. 23-2) due to the Defendant's Open Door Law violation, the record does not contain—and the Plaintiff has not pointed to—any evidence indicating that the violation affected the substance of the Board's final action, denied or impaired access to any meetings that the public had a right to observe, or prevented or impaired public knowledge or understanding of what occurred at the executive sessions.[5] Notably, the minutes include

---

[5]In fact, aside from reciting the statutory factors in Ind. Code § 5-14-1.5-7(d)(1)-(3), the Plaintiff's only argument in favor of voiding the Board's final action is that the Defendant "prevented or impaired the public's knowledge or understanding by failing to disclose the names of the administrators terminated until almost two months later." (Pl.'s Br. 5.) But as the Plaintiff has conceded in prior submissions, the issue as to the disclosure of the names of the six administrators is "just a side note and

7

a statement regarding the subject matter of the executive sessions; and as the PAC noted, "every other requirement of the executive session is in order." (Advisory Op. at 2, ECF No. 23-2.) The Court also struggles to identify any sufficient basis to declare that the public interest would be served by voiding the Board's final action.

Accordingly, it is worth repeating that "not every technical violation of the [Open Door Law] will require a voiding of governmental action." *Hinojosa,* 789 N.E.2d at 543. Based on the case record and the arguments presented, coupled with the Defendant's substantial compliance with the Open Door Law, the Court sees no wisdom in exercising its discretionary authority to void the Board's final action.

B.     **Attorney's Fees and Costs**

Pursuant to Ind. Code § 5-14-1.5-7(f), a court shall award reasonable attorney's fees, costs, and other reasonable expenses to the prevailing party if: (1) the plaintiff prevails; or (2) the defendant prevails and the court finds that the action is frivolous and vexatious. However, "[t]he plaintiff is not eligible for the awarding of attorney's fees, court costs, and other reasonable expenses if the plaintiff filed the action without first seeking and receiving an informal inquiry response or advisory opinion from the public access counselor, unless the plaintiff can show the filing of the action was necessary to prevent a violation of this chapter." *Id.* Although there is no dispute that the Plaintiff sought and received a favorable advisory opinion from the PAC, the Court, for the sake of efficiency and judicial economy, will withhold any ruling on the awarding

---

[is] not essential to [the Plaintiff's] motion for partial summary judgment." (Pl.'s Resp. to Def.'s Third R. 56(d) Mot. at 2, ECF No. 45.)

of attorney's fees and costs until this matter is fully resolved.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for Partial Summary Judgment [ECF No. 31], but DECLINES to exercise its discretionary authority to void the Defendant's final action to terminate the Plaintiff. The Court also DENIES the Defendant's Motion to Strike Plaintiff's Exhibit 1 and Exhibit 2 [ECF No. 46].

SO ORDERED on June 7, 2016.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT